```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
United States,

                Plaintiff,              CV-00-1024 (CPS)

      - against -                       MEMORANDUM
                                        OPINION AND ORDER
Marie Merisier

                Defendant.
----------------------------------------X
```
SIFTON, Senior Judge.

Plaintiff, the United States, commenced this suit against defendant Marie Merisier in order to collect on unpaid student loans. Thereafter, a default judgment was entered against defendant. Presently before the Court is defendant's motion to vacate the default judgment. For the reasons set forth below defendant's motion is granted.

## BACKGROUND

The following facts are taken from the parties submissions in connection with this motion. Disputes are noted.

Merisier began attending the American Business Institute in Tampa Florida in 1989. In order to finance her education Merisier took out two loans in the approximate amounts of $4,000 and $2,625. According to Merisier while she was attending the school it closed. As a result, Merisier states, she never received any of the loan money and was unable to complete her curriculum. In contrast, the government maintains that Merisier left school on October 1, 1989 without taking a leave of absence, and that the

school did not close until May 31, 1990.

DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default judgment, and if judgment by default has been entered, may likewise set it aside in accordance with 60(b)."Fed.R.Civ.P. 55(c). Rule 60(b) authorizes the court to relieve a party from final judgment based on grounds including "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

The Second Circuit has set forth three criteria for determining whether to vacate a default judgment: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." *American Alliance Ins. Co., Ltd. V. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir. 1996)(quoting *Davis v. Musler,* 713 F.2d 907, 915 (2d Cir. 1982). Given this Circuit's strong preference "for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993), all doubts must be resolved in the defendant's favor. *See David v. Musler,* 713 F.2d 907, 915 (2d Cir. 1983)(stating that all doubts should be resolved in favor of those seeking relief from default). The Second Circuit has further held that

"'[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort,' which should only be imposed 'upon a serious showing of willful default.'" *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983) (internal citations omitted). Moreover, "concerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*," as defendant appears here. *Enron Oil Corp.,* 10 F.3d at 96. The Second Circuit has held that "as a general rule, a district court should grant a default judgment sparingly and grant leave to set aside a default judgment freely when the defaulting party is appearing *pro se*." *Id.*

*Willfulness*

The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998). Merisier claims that her failure to respond the complaint was due to the fact that she never received notice of the action because she left the state of New York in 1999 and returned only recently. Such inaction on the basis of lack of notice does not constitute willfulness. see e.g., *Joe Hand Promotions, Inc. v. Contreras,* 2006 WL 1517740, *3 (E.D.N.Y. 2006); *Gumbs & Thomas Publishers, Inc. v. Lushena Books*, 2003 WL 21056983, *3 (E.D.N.Y. 2003). Resolving all doubts in favor of the defendant, this factor weighs in favor of vacating the

default judgment.

*Meritorious Defense*

To establish the existence of a meritorious defense, a party seeking relief from default judgment must state a defense which, "if proven at trial would constitute a complete defense." *Enron Oil Corp.,* 10 F.3d at 98; *see also, American Alliance Insurance Co.,* 92 F.3d at 61. A defendant need not prove the defense conclusively, *McNulty,* 137 F.3d at 740; however, a defendant "must do more than make conclusory denials." *Enron Oil Corp.,* 10 F.3d at 98.

The regulations governing the discharge of student loan debt on the basis of a closed school, 34 C.F.R. 682.402(d) mandate than an individual may be relieved of her debt only if the student, "did not complete the educational program at that school because the school closed while the student was enrolled or on an approved leave of absence . . . or the student withdrew from the school not more than 90 days before the school closed." 34 C.F.R. 682.402(d)(ii)(B). Defendant claims that she was enrolled in the school at the time that it closed. If proven, this would constitute a complete defense to the allegation that she defaulted on her loans.

The government, however, points to an e-mail from the Department of Education stating that department records indicate that Merisier left school more than 90 days before the school

closed and was not on a leave of absence when it closed, as proof that Merisier does not have a meritorious defense. While the government is correct that if it proved the alleged set of facts Merisier would not have a meritorious defense, it is not possible at this stage to determine whether the government's alleged facts are in fact true. Construing the facts in favor of the defendant, as must be done on a motion to vacate a default judgement, it is apparent that if at trial Merisier proved that she was enrolled in the school when it closed, then she would have a meritorious defense. Because "the law favors, as a matter of high policy, that disputes be settled on their merits," *Zavada,* 1992 WL 14993 at 1, Merisier should be given the opportunity to prove her defense at trial. Accordingly, this factor weighs in favor of vacating the default judgment.

*Prejudice*

Although plaintiff has suffered a delay in this action, delay alone is insufficient to establish prejudice. *See Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983). A plaintiff must establish that "its case has suffered from the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Time Warner Cable v. Cabada,* 1997 WL 797533, at *2 (E.D.N.Y.1997). Plaintiff has not alleged that evidence has been lost, that plaintiff will have increased difficulties with discovery as a result of the delay, or that

defendant may be engaged in fraud or collusion. Moreover, to the extent there is any doubt about prejudice to the plaintiff, all such doubts must be resolved in the defendant's favor. Accordingly, defendant has adequately shown that plaintiff will not be prejudiced by the requested relief and this factor also weighs in favor of vacating the default judgment.

## CONCLUSION

For the reasons set forth above the defendant's motion to vacate the default judgment is granted.

The Clerk is directed to transmit a filed copy of the within to the parties.

SO ORDERED.


Dated :   Brooklyn, New York

          July 10, 2006



                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge